19-1701, District of Nebraska, United States v. Willie Haynes. All right, very well. Ms. Guild, we'll hear from you now. Thank you. Thank you. May it please the court, I am here on behalf of Willie Haynes who was convicted of possession with intent to deliver five grams or more of crack cocaine and has, he was denied a sentence reduction under the First Step Act way back in March of 2019. And what we've learned in the intervening 14 months is that the district court, who admittedly did not have the benefit of all the cases that have come after, did almost everything wrong when she denied Mr. Haynes' motion. The court used the wrong drug quantity to decide that Haynes was ineligible for a reduction. It said there was no need to reconsider the 35-53A factors or post-sentencing rehabilitation. It used language associated with reductions under 18 U.S.C. section 35-82-C-2, which is an entirely different... If I may interrupt you, and I know we sent you a letter saying we wouldn't off the bat, but I really beg the presiding judge's indulgence unless he stops me. She says she did consider the 35-53A factors. That's her final paragraph, right? I'm looking at her order of March 29, 2019 on Westlaw and in, you know, the way she wrote it? Right. Judge, I don't think that's what she actually did because... Yeah, but wait a moment. As Justice Kagan tells us, we go by what she says, first of all. Doesn't she say the final paragraph? She mentions 35-53A twice. The first time she mentions it is on page 3 of her opinion in which she says that, and she's correct, the defendant argues that a plenary resentencing is required with the defendant present and all 18 U.S.C. 35-53A factors reconsidered, including post-incarceration rehabilitation. She then says the court finds Haines' arguments unpersuasive. So, to me, that says she does not believe she needs to reconsider 35-53A factors for post-sentencing rehabilitation. What's the meaning of the final paragraph? Tell me the meaning of the final paragraph. Right. Well, what she says is, it's kind of worded in a strange way. It says, even if the range had been what we say it should have been, the court still would have concluded that a sentence of 188 months was sufficient but not greater than necessary under the 18 U.S.C. 35-53A factors. So, she's sort of transporting herself back in time into the time of the sentencing and substituting the penalties of the Fair Sentencing Act. And then she's saying, I would have reached the same conclusion. And that is sort of a nod to one theory of how to do 404B reductions, which is set out in Hedgewood. It's a Fifth Circuit case that came down after she issued this opinion. And Hedgewood says, yes, you transport yourself back in time and you don't look at anything that happened after that sentencing hearing. But Hedgewood is not the majority view. And, in fact, I would argue that it conflicts with your own opinion in United States v. Williams, which says that in order to conduct a complete review of the merits, the court should do what the district court did in Williams, which is perhaps not hold a hearing but consider the 35-53A factors and consider post-sentencing rehabilitation. Do you think the district court here did a complete review of the motion or not? Your Honor, I can't believe that she did that considering she said that she didn't have to consider the 35-53A factors. Except you know what she says in the beginning, now back in her second paragraph, she ends by saying, I'm taking back a previous ruling because that was not a complete review of the motion. I think she acts like she's doing a complete review of the motion. Well, Your Honor, she had nothing but a piece of paper the first time she did it. And she accidentally failed to appoint us as counsel. So that's why she let us do it again. But I don't think that clears her of her other comment that says she doesn't think she has to consider the 35-53A factors. How do you know that's what she meant? How do you know she didn't just mean a plenary resentencing was not required? Well, I can only go by the way she phrased it. I mean, I agree that we were at the time arguing a sentencing, a full resentencing was what was required. Right. And that's the context in which she said she found Haynes' arguments unpersuasive. You don't know what she would have said if your argument had been, no, Judge, we're not asking for a plenary resentencing hearing, but we really want you to consider that he got his GED. How do we know what she would have said about that? Should we be guessing about this? I mean, if it's a whole story. Okay. I mean, honestly, I think it's pretty clear. I think all of the, I mean, for another reason that we can't be sure is because she didn't mention anything that we put in our brief. And this court in Williams and then in other courts recognized that it's not enough just to add a throwaway line that, you know, even if I would have done the same thing, you have to be able to, this court has to be able to review that decision independently and see if there's support for it and see if the defendant's arguments were considered. She hasn't mentioned any of the things that we argued about in our brief. Where do you think she makes the ineligibility conclusion? Well, I think she does. Where does she say he's ineligible under, you know, I would argue that that comes out in page, on page three, at the bottom of the page, she says, if the Fair Sentencing Act had been in effect, the government still would have charged under 841B1B. So she's basically imagining what would have happened with 28.35 grams under today's law. So she, that's the only way they could have charged it. But couldn't that just be a explanation of discretionary denial? I don't think there's any way to read that paragraph, honestly, as an explanation of discretionary denial. And I don't think the government believes that because they sent an entire brief in explaining why my client was ineligible. So it clearly read the opinion as saying he's ineligible. And they tried to argue that that should be upheld. I don't think they're doing that anymore. But at the time, in the context of what we were arguing, eligibility was a question of whether you use the PSR's quantity or whether you use what was charged in the indictment and what the defendant himself pled guilty to. So I can only assume, based on that context and on her words, that she did not use the right quantity in determining eligibility. And I'm going to reserve the rest of my time for rebuttal if that's all right. You may. Very well. Thank you for your argument. Mr. Russell, we'll hear from you. Your Honor, I'm struck with the fact of who's trying to guess about what the judge said. I think it's the appellant. In this case, what Judge Smithcamp did is pretty apparent. I think that she, in the original sentence, Mr. Haynes pled guilty to basically possession with intent to distribute five grams or more of crack. The plea agreement says he was responsible for 20 to 35 grams. His base offense level, based on that calculation, and his career offender status was 37, calling for a guideline sentence of 262 months. Judge Smithcamp varied from that sentence 74 months to 188 months. Now Mr. Haynes comes up for review. If Mr. Haynes, first off, under the First Step Act, he would have been charged with just five grams of cocaine, crack cocaine. He would have been sentenced to a guideline range of 30, total history, excuse me, total offense category of 31, criminal category of 6, a guideline range of 188 to 235, exactly the sentence he received. Now Judge Smithcamp gets the motion for reducing the sentence. Page 3 of her statement, basically her opinion says, if the government would have had the First Step Act, it would have charged him with over 25 grams as set forth in Title 21. But it doesn't matter. I have discretion under the First Step Act. I have both discretion to decide whether I will reduce the sentence and I don't have to reduce the sentence. What does Judge Smithcamp then say? She says, in the last paragraph, I find that even if his sentence was 188, I still would sentence him today to 188. No, she doesn't say that. Counsel, I've got to interrupt you. She doesn't say that today. That's not a fair reading of those words, is it? Well, I think when she says, I still would have concluded that a sentence of 188 was sufficient but not greater than necessary to satisfy all of the 3553A factors. To me, you could say she was still going to do it whether you say she would or she would not. I think what she's really saying is, at the time she's writing this opinion, that she thought that 188 months was a fair sentence given the previous variance that she made. Is she required to consider post-sentencing rehabilitation in your view? I don't believe so. I think that's even what William says. She can. She certainly can. But she's not required to. Mr. Russell, where in the judge's opinion, though, does it indicate that she even considered whether she was going to take that into account or not? I mean, she clearly can reject it if she wants to. But the only reference to post-incarceration rehabilitation is on page three. And it's followed by the line, the court finds Haines' arguments unpersuasive. And so, isn't this court left to guessing whether the judge actually did or did not review all of the 3553A factors in determining a new sentence or determining the sentence or whether to grant a reduction here? I think the reference in page three to the post-incarceration rehabilitation was going to the argument of Mr. Haines that a plenary resentencing should have occurred. So then there's nothing in this opinion indicating to us that the judge actually considered and rejected post-offense rehabilitation? Unless you totally read out of the opinion her last sentence, which says, greater than necessary to satisfy all of the 3553A factors, then I would agree with you. But I don't think that's what the judge was saying. Now, does she use the terms, I looked at post-offense rehabilitation. I don't believe you can see that. I don't think that's what is required under Williams. I don't think that's required under any Eighth Circuit case law right now. I think what is required is that she perform her duties under the First Step Act. Counsel, you're here for the government. Yes, sir. I've gotten a lot of these briefs and it looks to me like the government has a lot of different positions. And in fairness, the circuits, we got a matrix of them too, of what circuits have ruled. What's the government's position on which one of these circuits or which one of these approaches or which one of your briefs are the government's position? Judge, I don't think I can give you a great answer on that as far as what's the position of the Department of Justice related to every case. I just can't. I can only tell you that in this case, I believe the judge fulfilled her duty under Section 404B and C to decide whether she had to modify her opinion, her sentence, and if she did, whether she discretion, whether she would use her discretion to do that. And I think here she made the decision that she, even if she had to modify her opinion, I'm sorry, I keep saying opinion, even if she had to modify her sentence to 188 to 235, she still would not have gone below to 188 in order to satisfy all the 3553A factors. Counsel, parsing the McDonald opinion, there is a sentence that says that the court might properly deny relief at the discretionary second step, whether granted reduction, does not remedy, quote, any error, unquote, in determining eligibility at the first step. What does that mean? I think what happened in McDonald was that what the district court did in McDonald was it said that the defendant was not eligible. Right. It did not then go to the second step, which is what I consider to be the majority of Judge Smithkamp's opinion, which is, let's say that she is wrong on the eligibility, the difference between McDonald and Mr. Haynes' case is that Judge Smithkamp went that extra step. I don't believe the judge in McDonald did. The district court in McDonald did not say, even if I had to reduce the sentence to whatever variance I needed to do it, I would not have done that. Here what the judge says is, even if I did say it was five grants, the guideline range is still 188 to 235. I still think that is a correct sentence using all the 3553A factors. I think that's the distinction. Can you comment on any evidence that was in the record about post-sentencing rehabilitation? We have a lot of cases in regular sentencing hearings that say it's not error for the judge to refrain from mentioning everything the defendant argues, but sometimes it might depend, I suppose, on how significant the evidence was and whether it's reasonable to think the judge implicitly thought it was unpersuasive or whether it's a major issue that was unaddressed. Can you address here what was the evidence on post-sentencing rehabilitation? Your Honor, I'm going to apologize in advance. I think I'm going to give you the worst answer of any attorney, which is I wasn't in the original case. That is a bad answer. You have the bad answer. I don't think there's anything in the record which shows what a post-defense rehabilitation there was. I don't know if there was a lack of it from Mr. Haynes. I just don't know. The only thing I can look at is I know Judge Smith had the PSR. I don't know anything after the PSR. You could look at his motion, but we can look at that too. I just thought you might have looked at it in preparation for the argument. No, I did not. Other than that, Your Honor, I think that's basically our argument. I think Judge Smith Kemp was correct, and we would ask the court to affirm the denial of the evidence. Very well. Thank you for your argument. Ms. Gild, we'll hear from you in rebuttal. You have time remaining. You may proceed. Thank you. Your Honor, I'd just like to address the last point you made with Mr. Russell first. We did mention post-sentencing rehabilitation in our brief. He has attended classes. He has gotten his GED, which is significant in the studies of recidivism, but that wasn't the only thing that we addressed. The other thing that we talked about was how does the First Step Act play into the 3553A factors? It's changed what we're supposed to believe is a just sentence in a crack cocaine case. She didn't mention anything about that. She also didn't mention our other argument, which is that the government itself advocated for a sentence that corresponded to the career offender range without the 851 enhancement. This was something the government articulated at the sentencing hearing, pages 13 through 14, if you want to write it down. What they said was that the parties considered the defendant to be a career offender. What we did not anticipate, this was the government's statement, was that the filing of the 851 information would not only increase the statutory minimum, which applies here to 120 months, but would also then have a varying impact on the guideline calculations for career offender. The circumstances that led the government to advocate for a below guideline sentence are still present here. The 188 months does not take into ... What we did ask the court was to take into consideration what the parties found important at the beginning and what the judge herself found important, and that it's still there. That's why we asked for the lower sentence that corresponds to the 851 enhancement, which did have a really outsized impact on the guideline calculation. There's nothing in the opinion that indicates that she even considered that, which is a 3553A factor, if not post-sentence rehabilitation. Your Honor, because I just don't think there's good enough evidence that she did take the right steps in denying this motion, we would ask that the court remand and give her another shot under the proper standards of the statute. Why do you think the Hedgewood case is incorrect? I think it's incorrect because for various reasons. One of the things that the criticism of Hedgewood has brought out is that many times these cases don't have the same judge, so there's no way for a judge to transport themselves back to not only the time of the judge, because a lot of these crack cocaine sentences are really long, and some of the sentences were opposed 20 years ago. It doesn't make any sense to go back to that time, especially when the point of the First Step Act was to remediate the unfairness that those sentences brought about. That's why I think it's improper. I would direct you to the Chamber's opinion, which I think is also very helpful in that regard. From which court? That's from the Fourth Circuit, and that's in my latest 20HA letter. Very well. Thank you for your argument. Thank you to both counsel. The case is submitted, and the court will file an opinion in due course. We appreciate your appearing by video as much as we'd love to be in Nebraska. We're doing it this way during the pandemic. Counsel are excused. You're welcome.